UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JESSE E. NASH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.   4:02CV1725 AGF |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| GENERAL AMERICAN MUTUAL | ) | |
| INSURANCE COMPANY, and | ) | |
| ADJUSTERS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the cross motions for summary judgment filed by plaintiff Jesse Nash and defendant American Family Mutual Insurance Company (American Family).[1]  Mr. Nash filed this action pro se against American Family and Adjusters, Inc., seeking actual and punitive damages under 26 U.S.C. § 7434, which provides that "[i]f any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return."

The facts of this case are largely undisputed.  An insured of American Family sustained fire damages to her insured house.  The insured hired Adjusters, Inc., to represent her in the handling of her insurance claim arising out of the fire.  American Family's property claims adjuster, Norm Kolons, estimated reconstruction costs at

---

[1]    The parties have consented to the exercise of authority by the undersigned United States Magistrate Judge under 28 U.S.C. § 636(c).

$31,847.55. The insured entered into a written contractor agreement with Mr. Nash for the reconstruction work. The contract, which was signed by Mr. Nash, the insured, and the agent for Adjusters, Inc., states that Mr. Nash would receive no compensation for his work. Adjusters, Inc., told American Family that Mr. Nash would be the general contractor handling the job, and provided American Family with Mr. Nash's social security number and tax identification number.

Mr. Kolons made out and delivered to Adjusters, Inc., a check dated September 9, 2000, for $32,052.55, the amount he had estimated as the cost of reconstruction plus $205.00 in related costs. The check listed four payees: the insured, Mr. Nash, Adjusters, Inc., and the mortgagee of the insured's house. After taking its fee from the proceeds of the check, Adjusters, Inc., disbursed the remainder to the insured. The returned paid check included an endorsement of each named payee.

American Family then reported to the IRS, pursuant to 26 U.S.C. § 6041, that it had paid Mr. Nash $32,052.55 during 2000 as non-employee compensation. Section 6041 requires businesses such as American Family to file an informational return with the IRS when it makes payment to another of $600 or more in income in any calendar year. In Mr. Nash's tax return for 2000, he did not report any business income, and by notice dated March 18, 2002, the IRS asked him about the discrepancy between his 2000 tax return and American Family's report to the IRS. On March 25, 2002, Mr. Nash responded to the IRS, asserting that he did not receive the money in question.

By letter dated April 26, 2002, the IRS contacted American Family stating that the information the IRS received from American Family did not agree with the information

2

received from Mr. Nash. "To clear up this discrepancy," the IRS asked American Family to provide information on the income paid to Mr. Nash in 2000 and the type of income paid. Susan Seithamer, a tax technician at American Family, checked the company's records and reported that Mr. Nash had been paid $32,052.55 as non-employee compensation. On October 3, 2003, the IRS informed Mr. Nash that based upon documentation he had provided, no tax assessment would be made with respect to the $32,052.55.

American Family maintains that when it first reported to the IRS that it had paid Mr. Nash the money in question, it sent Mr. Nash a recipient's form, in the normal course of its business; Mr. Nash maintains that he never received this form. It is undisputed that Mr. Nash received no remuneration for the services he performed for the insured in connection with repairs of the damaged dwelling.

In his complaint as amended, Mr. Nash alleges that Adjusters, Inc., fraudulently told American Family that he received the proceeds of the check, and that American Family "acted on that false information [and] reported it to the IRS as fact." He asserts that he seeks damages from both American Family and Adjusters, Inc., "due to them acting in concert, because of their unique fiduciary relation."[2]

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue

---

[2]    Plaintiff settled his claim against the United States and that party has been dismissed from this action.

as to any material fact and that the moving party is entitled to a judgment as a matter of law."  In ruling on a motion for summary judgment, the court is required to view the facts in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from those facts.  Reedy v. Quebecor Printing Eagle, Inc.,  333 F.3d 906, 907 (8th Cir. 2003).  The moving party bears the burden of showing the absence of a genuine issue of material fact.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256  (1986).  When a motion for summary judgment is made and supported by evidence, the adverse party may not rest upon the mere allegations in his pleadings, but must set forth specific facts showing that there is a general issue for trial.  Fed. R. Civ. P. 56 (e).  Pro se pleadings must be construed liberally; however, even pro se pleadings must meet normal pleading requirements.  Pellegrino v. State of S.D., 2000 WL 777933 at *1 (8th Cir. June 19, 2000).

The Court accepts as true, as it must in considering American Family's motion for summary judgment, that Mr. Nash did not receive a recipient's copy of the information return American Family filed with the IRS.  This does not change the fact that there is no evidence in the record that American Family knew that Mr. Nash had agreed to perform the work for the insured for free, or that he had not received the proceeds of the $32,052.55 check.  The affidavits of Mr. Kolons and Ms. Seithamer submitted by American Family in support of its motion for summary judgment attest that they performed their duties in the normal course of business.  Mr. Kolons asserts that Adjusters, Inc., advised him that the insured had obtained a contractor who agreed to perform the reconstruction work necessary within the amount he had estimated as the

4

replacement cost, and that based upon that representation, American Family agreed to pay the insured the full replacement cost, rather than the lesser amount of actual cash value of the loss.

In response to American Family's motion for summary judgment, Mr. Nash asserts without any supporting evidence that both Adjusters, Inc., and American Family were aware that he performed the work for the insured for free.  He maintains that Mr. Kolons somehow approved the contract between plaintiff and the insured, and thus should have recognized that this was a special case, but he offers no evidence that Mr. Kolons saw the contract or was otherwise advised of the provision that Mr. Nash agreed to work for free. Mr. Nash also faults Ms. Seithamer for not attempting to contact him or Adjusters, Inc., before confirming to the IRS that American Family had paid the money in question to plaintiff.  He argues that her cursory investigation of the facts constituted negligence. Mr. Nash argues that the indifference displayed by American Family shows that it acted willfully, and also shows its willful disregard of his interests.

The Court concludes that the phrase "willfully filing a fraudulent information return" for liability under 26 U.S.C. § 7434 requires a component of deceitfulness or bad faith.  See Jacobs v. Ocwen Fed. Bank, FSB, 311 F.Supp.2d 766, 769-70 (N.D. Ind. 2004) (§ 7434 did not apply where plaintiff failed to offer any evidence that bank's report to the IRS of cancellation of a debt was anything other than an error; Mr. Nash's assertion of fraud without any supporting evidence did not suffice); cf. Texas Pig Stands, Inc. v. Hard Rock Café Int'l, Inc., 951 F.2d 684, (5th Cir. 1992) (reversing an attorney's fee award under 15 U.S.C. § 1117(a), which allows such an award for "willful" violation of a

trademark, because the jury instructions defined "willfully" as merely "done voluntarily and intentionally").

Upon review of the record, the Court concludes that American Family's conduct in reporting the $32,052.55 as income to Mr. Nash cannot be said to constitute willful filing of a fraudulent information return.  There is no suggestion that Kolons knew the terms of the contract between Mr. Nash and the insured, and Mr. Nash's unsupported assertion that Mr. Kolons approved the contract and thus was aware (or should have been aware) of its terms is unavailing.   Based upon the record before it, the Court finds no support for Mr. Nash's argument that Mr. Kolons should have recognized that this was a special case. The Court similarly concludes that American Family's conduct in later confirming to the IRS that it had paid Mr. Nash the amount of the check did not constitute willful filing of a fraudulent return.  Even Mr. Nash labels Ms. Seithamer's conduct as negligent and, at most, indifferent.

Accordingly,

**IT IS HEREBY ORDERED** that defendant American Family Mutual Insurance Company 's motion for summary judgment is **GRANTED**.  [Doc. #71]

**IT IS FURTHER ORDERED** that plaintiff Jesse Nash's motion for summary judgment is **DENIED.**  [Doc. #77].

**IT IS FURTHER ORDERED** that defendant American Family Mutual Insurance Company 's motion for a hearing on its motion for summary judgment is **DENIED as moot**.  [Doc. #75]

**IT IS FURTHER ORDERED** that a status conference with the plaintiff and counsel for Adjusters, Inc., shall be held on **Monday, October 18, 2004, at 9:00 a.m.**, in Courtroom 9N.


AUDREY G. FLEISSIG
UNITED STATES MAGISTRATE JUDGE

Dated this 12th day of October, 2004.